**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOLAN JOSHUA VILLALOBOS, | No. 23-62 |
| Petitioner, | Agency No. A095-760-206 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2024**
Pasadena, California

Before: TASHIMA, CALLAHAN, and JOHNSTONE, Circuit Judges.

Nolan Joshua Villalobos, a native and citizen of Honduras, petitions for

review of an order from the Board of Immigration Appeals ("BIA") dismissing his

appeal of an order from an Immigration Judge ("IJ") (collectively, "the Agency")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.[1]

Where, as here, "[t]he BIA conducted its own review of the evidence and law rather than simply adopting the immigration judge's decision . . . our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We review the denial of withholding of removal and CAT relief for substantial evidence, under which standard we uphold the BIA's decision unless the record compels a contrary conclusion. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).

1. To establish eligibility for withholding of removal, Villalobos bears the burden to show that his life or freedom would be threatened because of his membership in his proposed particular social group. 8 U.S.C. § 1231(b)(3)(A). He does not challenge the Agency's determination that he failed to establish this requisite nexus, and therefore has forfeited the issue. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013). Even if the issue were not forfeited, substantial

---

[1] The temporary stay shall remain in effect until issuance of the mandate. The motions for stay of removal are otherwise denied.

evidence supports the Agency's finding that the gangs were motivated by their criminal purpose, not Villalobos's membership in his proposed particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Because the withholding claim fails on this dispositive issue, we do not address Villalobos's challenge to the Agency's determination that his proposed particular social group was not legally cognizable.

2. Substantial evidence supports the Agency's denial of deferral of removal under CAT. Villalobos claims the BIA erred in adopting the IJ's adverse credibility finding. However, the IJ's reasoning—adopted by the BIA—also included an alternative finding that, even assuming Villalobos testified credibly, he failed to establish eligibility for CAT relief. Substantial evidence supports that finding.

The record supports the Agency's conclusion that Villalobos has not shown past torture. *See* 8 C.F.R. § 1208.18(a)(2) (defining torture as "an extreme form of cruel and inhuman treatment"); *Vitug v. Holder*, 723 F.3d 1056, 1061, 1065–66 (9th Cir. 2013). Nor does the record, including the country condition reports, establish a likelihood of future torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet" the likelihood of

torture standard). Substantial evidence further supports the Agency's finding that Villalobos failed to establish government consent to or acquiescence in torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.") (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013)).

**PETITION DENIED.**